IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| TIMOTHY BROWN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. _____ |
| | ) | Jury Demand |
| CITY OF FRANKLIN, TENNESSEE, | ) | Civil Rights Action |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## VERIFIED COMPLAINT

COMES NOW Plaintiff Timothy Brown and alleges the following:

### INTRODUCTION

1.     This is a civil rights action brought by Timothy Brown ("Brown") against City of Franklin, Tennessee ("Franklin" or "Defendant"), challenging Franklin policy and practice of supplying private entities that have permits to use public property for public events with proprietary control over the property so they can ban disfavored content and viewpoints.

2.     On June 3, 2023, the Plaintiff attended the Franklin Pride Festival at The Park at Harlinsdale Farm located at 239 Franklin Road, Franklin, Tennessee.

3.     The June 3, 2023, Franklin Pride Festival at The Park at Harlinsdale Farm was open to the public with no admission fee or tickets required for the event.

4.     On June 3, 2023, the Plaintiff attempted to enter The Park at Harlinsdale Farm (which on that date was a public, city-owned forum) for the purpose of engaging in peaceful assembly, observation and speech-related activities.

5.      On June 3, 2023, the Defendant censored the Plaintiff's peaceful speech activity by ordering Plaintiff to leave The Park at Harlinsdale Farm under threat of arrest.

6.      On June 3, 2023, the Defendant's activities were carried out pursuant to an official policy or practice of the Franklin City Police Department that was in effect at the time. Specifically, the officers on duty at the Franklin Pride Event had been previously "briefed" by their superiors on the morning of June 3, 2023, before the event began that day, to arrest and remove any individual whom the event coordinators, Franklin Pride, advised them to remove from The Park at Harlinsdale Farm.

7.      Plaintiff alleges that the Defendant's actions were prompted by the religious nature of the Plaintiff's actions and the expression of religious views concerning marriage and human sexuality, or other content perceived as counter to the gay and lesbian theme of Franklin Pride Event, and thus constitutes content and viewpoint-based discrimination in violation of the Free Speech Clause of the First Amendment.

8.      Pursuant to 42 U.S.C. §§ 1983 and 1988, Brown seeks nominal damages for the past violation of his constitutional rights and injunctive and declaratory relief to prevent future violation of his constitutional rights.

9.      This cause of action is premised on the First and Fourteenth Amendments to the United States Constitution, particularly regarding Brown's rights to free speech and due process.

10.     Every act specified herein was committed by Defendant under the color of state law and authority.

## JURISDICTION AND VENUE

11.     This cause of action raises federal questions under the First and Fourteenth Amendments to the United States Constitution and federal statute 42 U.S.C. § 1983.

12.     The Court has jurisdiction over Brown's claims for nominal damages and injunctive relief under 28 U.S.C. §§ 1331 and 1343, request for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, and claims for costs and attorney fees per 42 U.S.C. § 1988.

13.     Plaintiff alleges that an actual controversy exists between the parties sufficient to give rise to a need of declaratory judgment under 28 U.S.C. § 2201. Prior to filing this action, Plaintiff's counsel sent two letters to Franklin's Chief of Police and Mayor attempting to amicably resolve the issues presented herein. Franklin's counsel responded without providing any protection of Brown's constitutional rights in the future. Plaintiff seeks declaratory judgment to declare Franklin's policies, practices, procedures, customs and usages, as they relate to access and use of The Park at Harlinsdale Farm and other public venues owned and controlled by Franklin, for the exercise of protected free speech activity, to be in violation of the First and Fourteenth Amendments of the United States Constitution.

14.     The Middle District of Tennessee is the proper venue for this cause in accordance with 28 U.S.C. § 1391(b).  Defendant resides in this district and the claims brought against it arise in this district.

## PLAINTIFF

15.     Plaintiff Brown is a resident of Gallatin, Tennessee.

## DEFENDANT

16.     Defendant Franklin is a municipal governmental authority and a subdivision

of the State of Tennessee, having the capacity to enact and enforce laws and ordinances regulating mass gathering permits and other activities in public parks and ways.

17.     The Defendant may be served through its City Mayor, Ken Moore, at 109 3rd Avenue South, Franklin, Tennessee 37064.

## STATEMENT OF FACTS

### *Brown's Desire to Share his Religious Beliefs*

18.     Brown is an evangelical Christian who wants to share the gospel (good news of Jesus Christ) with others.

19.     He wants non-Christians to know we all sin and deserve eternal damnation and that Jesus Christ grants salvation to those who repent of their sins and believe and trust in him.

20.     In sharing the gospel message with others, Brown explains our universal need for Jesus and the forgiveness of sins, specifying certain culturally accepted behaviors that Brown believes the Bible condemns as sin, like abortion, homosexuality, and transgenderism.

21.     Aside from non-Christians, Brown also imparts his religious messaging to individuals who profess to be Christian but do not share Brown's views about sin.

22.     Brown does not attempt to evangelize professing Christians.  Rather, he tries to direct them to Scripture to aid them in their thinking about sinful behavior.

23.     He often conducts his expressive activities alone.

24.     Brown typically hands out literature, which he uses to start consensual conversations about the gospel and his Christian beliefs.

25.     Brown communicates his religious beliefs in public areas that maintain significant pedestrian traffic so he can reach as many people as possible with his message.

26.     For this reason, Brown particularly seeks out public venues during popular public events.

27.     Among other public places hosting public events, Brown wants to share his religious message in The Park at Harlinsdale Farm during public events and especially during the Franklin Pride Festival ("Pride Fest").

### The Park at Harlinsdale Farm is a Public Forum

28.     The Park at Harlinsdale Farm ("Park"), located at 239 Franklin Road, Franklin, Tennessee, is a public park.

29.     Franklin owns and manages the Park.

30.     As a public park, the Park is open to the general public all year round.  The Park features wide open greenways, paved walkways, and multiplate pavilions.

31.     Serving as a destination site in Franklin, the Park is uniquely well-suited for expression and the free exchange of ideas.

32.     The Park serves as host to public events, including Pride Fest.

### Franklin Pride Holds Pride Fest in the Park

33.     Franklin Pride sought and obtained a permit from Franklin pursuant to Franklin's special event policy to conduct Pride Fest in the Park on June 3, 2023.

34.     To obtain a permit for this event, Franklin Pride was required to fill out a permit application and submit a permit request to Franklin.

35.     On January 16, 2023, Robert McNamara, the Fundraising Chair and Advisor to Executive Committee of Franklin Pride, filed a Special Event Permit Application with Franklin.

36.     The Special Event Permit Application sought permission from Franklin to conduct an outdoor festival at The Park at Harlinsdale Farm, on June 3, 2023.

37.     Franklin Pride described that event as follows:

The mission of Franklin Pride TN is to educate, inform and foster community that brings together LGBTQIA+ people and their allies in a social, non-threatening and empowering setting to uplift, educate and present positive images that help maintain a healthy, productive and visionary community in Williamson County and surrounding areas and such other purposes that the board may authorize from time to time that are consistent with requirements of Section 501(c)(3) Code. This purpose may be realized through the production of one or more annual events designed to celebrate pride in LGBTQIA+ individuals in a safe setting where all participants experience equality and acceptance. Franklin Pride is a free one-day family friendly festival with food trucks, two stages of live music/entertainment, vendor booths, nonprofit booths, a youth activity and a teen activity area, picnic area, and a beer tent (21 and up). There will not be a drag show in the park. We will rent the entire park so anyone entering the park on June 3 will enter knowing they are attending Franklin Pride.

38.     The event was listed on the Special Event Permit Application as a free event and open to the public at large.

39.     On April 8, 2023, a video was posted to Instagram. In that video, Clayton Klutts, President of Franklin Pride, states: "We do not allow anyone to proselytize for any reason their religion, their politics, their lifestyle."

40.     This prohibition on certain constitutionally protected free speech at this public event was effectively enforced and implemented with the assistance and cooperation of armed, commissioned officers from Franklin, who acted at the behest of Franklin Pride.

41.     Franklin Pride posted the following "Rules and Policies" to be enforced at the Park on June 3, 2023:

•      All Attendees will be provided with a Free Wristband upon entering the Festival Area. This wristband will signify that you agree to adhere to all of our Rules and Policies. Those under age 3 can receive an ink stamp. Attendees must wear a wristband at all times, or you will be asked to leave the Festival. Wristbands will be available at the Welcome Tent.
•      Bags will be searched upon entry to the Festival. We encourage small and or clear bags.

- We strongly recommend that anyone age 13 and under are accompanied by an adult.
- Dogs on leash are welcome at the Festival.
- Attire appropriate for a family event is required.
- Alcohol Rules
- No underage Drinking is Permitted.
- No outside alcoholic beverages are permitted.
- Over 21 wristbands will be available at the Welcome Tent and the Beer Tent.
- Drink tickets will be for sale at the Welcome Tent and the Beer Tent.
- Persons will not be allowed into the Festival if they are intoxicated or pose a threat to themselves or others.
- Please drink responsibly.
- Lost Child Station
- The Lost Child Station will be at the Welcome Tent.
- Additional Rules
- No fighting or threatening behavior, any person found fighting will be ejected from the Festival.
- No disorderly or disruptive behavior will be tolerated.
- Weapons are not allowed at the Festival.
- Any items that can be used as a means to disturb the peace, endanger the safety of the crowd, and/or inflict damage to people and/or goods are prohibited.
- All State and Local laws will be enforced.

42.     Brown heard about the Pride Fest and decided to attend. He considered the event a good and unique opportunity to share his evangelistic message.

43.     Brown did not violate any of the rules posted by Franklin Pride.

### Franklin Censors Brown's Speech at the Park during Pride Fest

44.     On June 3, 2023, Brown attempted to enter the Park.

45.     As Brown walked toward the entry to the Park, he noticed a tent area with some people checking bags.

46.     Brown was approached by an individual wearing a "Franklin Pride" shirt who stated the park is a public park but was reserved for the Pride Fest.

47.     Brown replied that the Pride Fest was not charging for admission or requiring tickets for entry.

48.     The individual wearing a "Franklin Pride" shirt stated Brown needed to wait a few minutes and he walked away.

49.     Brown then asked another individual wearing a black shirt what would be the consequence if he walked into the Park. The individual replied he would grab Brwon and remove him from the Park. The individual then stated Brown was trespassing and was being an "asshole." Brown requested the individual get a police officer. The individual refused. Brown stated he was willing to abide by the rules and asked if he would be allowed into the Park. The individual replied Brown would not be allowed to enter the Park even if he abided by the rules.

50.     Brown asked another individual to bring a Franklin police officer. The individual agreed and stated an officer would come forward.

51.     While waiting for a Franklin police officer to arrive, another individual wearing a "Franklin Pride" shirt stated they do not allow anyone to proselytize their religion during events.

52.     As Franklin police officer Mark Sanchez (#452) ("Officer Sanchez") was arriving, the radio communication was heard stating none of those people were allowed into the Park.

53.     Officer Sanchez approached Brown and stated, "They don't want you here you guys got to go across the street."

54.     Brown inquired if Officer Sanchez's order was a lawful order.

55.     Officer Sanchez replied it was a lawful order.

56.     Brown asked what the consequences would be if he refused the order.

57.     Officer Sanchez stated Brown would be charged with trespassing.

58.     Officer Sanchez further stated it was a private event and Brown would be charged or arrested if he refused to leave.

59.     Officer Sanchez stated Brown was required to leave because the event organizer did not want him there.

60.     Brown further explained he would not bring any materials into the Park and wanted to enter.

61.     Officer Sanchez stated Brown was still required to leave because "They want you out and if they want you out then you are out."

62.     Brown complied, and Officer Sanchez escorted him out to the adjoining public sidewalk.

63.     While walking out, Officer Sanchez confirmed Pride Fest was not charging an entrance fee.

64.     Brown also requested to speak with a supervisor.

65.     Officer Sanchez then explained that Pride Fest was a private event in the same way Main Street Franklin is a private event.

66.     While waiting for a Supervisor, Brown explained that the Park was traditional public forum.

67.     Officer Sanchez then reiterated Franklin Pride had rented the Park for a private event.

68.     Franklin Lieutenant Clayton Cates ("Lt. Cates") approached and restated Officer Sanchez's position claiming the event organizers were conducting a private event.

69.     Lt. Cates stated: "They have reserved the Park, okay, and the City Board of Mayor and Alderman have voted to approve this venue for their private event."

70.     Brown again reiterated to Lt. Cates and Officer Sanchez that he would abide by all the rules so that he could simply enter the Park.

71.     After an inquiry regarding the legal support for the position taken by Franklin's officers, Lt. Cates further explained, "If the event organizers don't want you here, or in their event, that's their call."

72.     Brown asked Lt. Cates about the barriers on the public sidewalks and how that would impact pedestrians. The video reflects that the substantial majority of people attending Pride Fest entered the Park in vehicles and then parked in a parking area hundreds of feet away from the entrance.

73.     Brown could see that due to the very few pedestrians walking into the event, his access to people was considerably restricted.

74.     Brown did not believe the location to where he was ordered provided a suitable spot for his speech activities, having limited opportunities to share his message.

75.     Brown saw no benefit in remaining on the sidewalk outside the Park with little opportunity to reach people with his message.

76.     As Brown was limited to the public sidewalk outside the Park and unable to engage in his speech activities by interacting with people, he left.

***Plaintiff's Multiple Attempts to Resolve Issues Amicably***

77.     On June 19, 2023, Plaintiff's counsel sent an email attaching a letter to Franklin attempting to amicably resolve the issues presented herein.

78.     Plaintiff's counsel sent the June 19, 2023, letter to Franklin's Chief of Police and Mayor detailing the facts presented herein.

10

79.     On September 13, 2023, Plaintiff's counsel sent a second email again attaching Plaintiff's counsel's June 19, 2023, letter to Franklin's Chief of Police and Mayor attempting to amicably resolve the issues presented herein.

80.     On September 27, 2023, Franklin's City Attorney responded with a letter stating: "I am unable to confirm outcomes for your clients in the future as the Supreme Court has stated multiple times that issues like this are very fact dependent." Brown is left without any protection of his constitutional rights in the future.

### *Recent Developments and Continuing Adverse Impact on Brown's Speech*

81.     Brown recently learned Franklin Pride sought and obtained a permit from Franklin pursuant to Franklin's special event policy to conduct another Pride Festival Event in the Park on June 1, 2024.

82.     To obtain a permit for this event, Franklin Pride was required to fill out a permit application and submit a permit request to Franklin.

83.     Franklin Pride filed a Special Event Permit Application for the Pride Festival Event in the Park on June 1, 2024, with Franklin, which was granted.

84.     The Special Event Permit Application sought permission from Franklin to conduct an outdoor festival at The Park at Harlinsdale Farm, on June 1, 2024.

85.     The Pride Festival Event in the Park on June 1, 2024, is a free event and open to the public at large.

86.     The upcoming Pride Festival Event will be held on June 1, 2024, in the Park.

87.     In totality with the issues present in 2023, an additional significant concern is the recent development of a "Rule" adopted by Franklin Pride for the upcoming Pride Festival Event to be held on June 1, 2024, stating: "Anyone who is deemed to be not

11

following the mission of Franklin Pride TN by words, action, materials, attire will be asked to leave the Festival grounds."

88. The policy granting proprietary control and the ongoing ban on Brown's expression is untenable for Brown because he wants to go to the Park and share his religious beliefs at the Pride Fest in 2024, as well as future years, and at other public events occurring in Franklin public parks and public venues.

### Immediate and Enduring Irreparable Harm to Brown

89. The actions of Franklin, through its employees, agents, and police officers, and refusal to give Brown relief, reveal a lingering intention to maintain a policy and practice of granting Franklin Pride and other permittees of the Park proprietary control over speech during public events, enabling and empowering the event organizer to exclude disfavored viewpoints from the Park and other public venues owned and controlled by Franklin. The policy and practice challenged operates as a unconstitutional heckler's veto enforced by Franklin through its police department and officials.

90. Franklin's policy and practice of giving permittees proprietary control over speech on public property during public events facilitates a content-based and a viewpoint-based restriction on Brown's religious expression in a traditional public forum.

91. Brown is eager to return to Pride Fest in the Park this year and during future Pride Fests in the Park to share his Christian beliefs, but the fear of citation or arrest chills and deters him from doing so.

92. Brown would also like to attend other public events taking place in the Park and share his religious message but fears the same outcome as the 2023 Pride Fest event.

93.     The fear of arrest severely restricts Brown's constitutionally protected speech he wishes to communicate in the Park during public events.

94.     The chill on Brown's speech constitutes irreparable harm to him.

95.     There is no adequate remedy at law for the denial of Brown's constitutional rights.

## FIRST CAUSE OF ACTION

## Free Speech Violation

96.     Plaintiff incorporates by reference herein the allegations contained in the preceding numbered paragraphs 1 through 95 and further alleges as follows.

97.     Brown's religious expression is protected speech under the Free Speech Clause of the First Amendment to the United States Constitution.

98.     Franklin's policy and practice, and enforcement thereof, including, but not limited to, supplying permittees with proprietary control over the content and viewpoint of speech uttered on public property during public events and the resultant ban on Brown's disfavored expression in the Park:

        a.      are vague and overly broad;

        b.      discriminates against speech due to religious content and viewpoint;

        c.      permits the exercise of unbridled discretion;

        d.      singles out a select type of speech for discriminatory restriction;

        e.      chills the free speech and free exercise of religious expression of Brown as well as that of third-party citizens;

        f.      creates a content-based and viewpoint-based heckler's veto that suppresses Brown's religious expression because of hostility to the message: and

g.     lacks narrow tailoring, fails to achieve any legitimate government purpose, and fails to leave open alternative avenues for expression.

99.     Franklin cannot justify its censorship on the viewpoint Brown wants to express in a public park.

100.     Franklin's policy and practice, and enforcement thereof, thus violate the Free Speech Clause of the First Amendment to the United States Constitution, made applicable to the States through the Fourteenth Amendment.

WHEREFORE, Brown respectfully prays the Court grant the equitable and legal relief set forth hereinafter in his prayer for relief.

## SECOND CAUSE OF ACTION

### Violation of Due Process Clause

101.     Plaintiff incorporates by reference herein the allegations contained in the preceding numbered paragraphs 1 through 95 and further alleges as follows.

102.     Franklin's policy and practice of giving permittees proprietary control over speech on public property during public events are vague and lacks objective standards to curtail the discretion of police officers and Franklin officials.

103.     Brown's religious expression is protected speech under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

104.     Franklin's policy and practice, and enforcement thereof, including, but not limited to, supplying permittees with proprietary control over the content and viewpoint of speech uttered on public property during public events and the resultant ban on Brown's disfavored expression in the Park:

h.     are vague and overly broad;

i.     discriminates against speech due to religious content and viewpoint;

14

j.      permits the exercise of unbridled discretion;

k.      singles out a select type of speech for discriminatory restriction;

l.      chills the free speech and free exercise of religious expression of Brown as well as that of third-party citizens;

m.      creates a content-based and viewpoint-based heckler's veto that suppresses Brown's religious expression because of hostility to the message: and

n.      lacks narrow tailoring, fails to achieve any legitimate government purpose, and fails to leave open alternative avenues for expression.

105.      Franklin cannot justify its censorship on the viewpoint Brown wants to express in a public park.

106.      Franklin's policy and practice adversely affecting protected speech are administered in an *ad hoc*, arbitrary, and discriminatory manner.

107.      Franklin has no compelling or legitimate reason that can justify its vague policy and practice or its enforcement against Brown.

108.      Franklin's policy and practice, and enforcement thereof, is void for vagueness and violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Brown respectfully prays the Court grant the equitable and legal relief set forth hereinafter in his prayer for relief.

## PRAYER FOR RELIEF

WHEREFORE, Brown respectfully prays for relief in that this Court:

A.      Assume jurisdiction over this action;

B.      Allow a Jury Trial of six to hear and try this case;

15

C.      Enter a judgment and decree declaring the actions taken by Defendant Franklin in prohibiting Plaintiff Brown from sharing his religious viewpoints in the Park during the Pride Fest on June 3, 2023, violated Brown's constitutional rights, and particularly, his rights to free speech and due process.

D.      Enter a judgment and decree declaring that Defendant Franklin's policy and practice of supplying Franklin Pride and other permittees of the Park with proprietary control over speech taking place on said public property during a public event is unconstitutional on its face and as applied to Plaintiff Brown's desired speech (distributing literature and having oral conversations) because it violates Brown's rights and the rights of third parties not before the Court, as guaranteed under the First and Fourteenth Amendments to the United States Constitution.

E.      Enter a preliminary and permanent injunction enjoining Defendant Franklin, its agents, officials, servants, employees, and all persons in active concert or participation with them, or any of them, from applying Franklin's policy and practice of giving a permittee proprietary control over speech in the Park and other public parks during public events to enable a permittee to banish disfavored expression;

F.      Adjudge, decree, and declare the rights and other legal relations with the subject matter here in controversy, so such declaration shall have the force and effect of final judgment;

G.      That this Court award Plaintiff Brown nominal damages arising from the acts of the Defendant Franklin as an important vindication of his constitutional rights;

H.      That this Court award Plaintiff Brown his costs and expenses of this action, including reasonable attorneys' fees, in accordance with 42 U.S.C. § 1988 and other applicable law; and

I.      Grant such other and further relief as appears to this Court to be equitable and just.

Respectfully submitted,

/s/ Kristin Fecteau Mosher
Kristin Fecteau Mosher, Esq.
Tennessee Bar No.: 19772
Local Counsel for Plaintiff
**The Law Office of Kristin Fecteau, PLLC**
5543 Edmonson Pike, Suite 229
Nashville TN 37211
Telephone: (615) 496-5747
E-mail: kristin@fecteaulaw.com

Frederick H. Nelson, Esq.*
Florida Bar No.: 0990523
Trial Counsel for Plaintiff
AMERICAN LIBERTIES INSTITUTE
P.O. Box 547503
Orlando, FL  32854-7503
Telephone: (407) 786-7007
Facsimile: (877) 786-3573
E-mail: rick@ali-usa.org
*Pending admission Pro Hac Vice*

## **VERIFICATION OF COMPLAINT**

I, Timothy Brown, a citizen of the United States and a resident of Gallatin, Tennessee, hereby declare that I have read the foregoing Verified Complaint and the factual allegations therein, and the facts as alleged therein are true and correct.

TIMOTHY BROWN